**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**John Leon GAZDA, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellant,**

v.

**John Leon Gazda, Defendant—
Appellee.**

Nos. 02–30376, 02–30408.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 17, 2003.

Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., David Avery, Esq., Federal Defenders of Montana, Helena, MT, Melissa Harrison, Federal Defender, Missoula, MT, for Defendant–Appellant.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM *

John Leon Gazda appeals his jury conviction of one count of being a felon-in-possession of a firearm and one count of being a felon-in-possession of ammunition. The United States cross-appeals the district court's order that the imposed fine be distributed to two private shelters in Montana rather than the Crime Victims Fund. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Gazda's conviction and reverse and remand the fine distribution.

■ There was sufficient evidence to support the jury's verdict. "Sufficient evidence supports a conviction if the evidence, viewed in the light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United ed States v. Crawford,* 239 F.3d 1086, 1092 (9th Cir.2001). The United States introduced substantial circumstantial evidence tending to prove that Gazda continuously possessed the firearm on or about August 9–10, 2001. The United States also introduced evidence tending to disprove Gazda's justification story. Viewing this evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

■ The district court did not err in denying Gazda's written request for disclosure of the grand jury transcripts. A trial judge may order disclosure of grand jury transcripts "when the party seeking them has demonstrated that a 'particularized need exists which outweighs the policy of secrecy.'" *United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986) (quoting *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959)). Gazda claims there was a particularized need because a comparison of the grand jury papers to the case submitted to the petit jury during trial would confirm whether the government charged one case at grand jury but proved a different one at trial. Gazda's claim fails because the United States charged the same case to the grand jury that it proved at trial, namely, being a felon-in-possession of a firearm and a felon-in-possession of ammunition on or about August 9–10, 2001. Any evidence offered by the United States concerning Gazda's possession of the firearm before August 9–10, 2001 was introduced solely as circumstantial evidence to establish that Gazda possessed the gun on the dates charged.

The Indictment is not duplicitous, and therefore, there is no prejudicial misjoinder. The Indictment can only be read to charge one offense per count. Because only one offense is charged per count, there can be no prejudicial misjoinder of multiple offenses within each count.

■ The district court committed plain error by ordering that the fine imposed on Gazda be distributed to two private shelters in Montana rather than the Crime Victims Fund. The Victims of Crime Act of 1984 established the Crime Victims Fund, 42 U.S.C. § 10601(a), which requires that "there shall be deposited in the Fund ... all fines that are collected from persons convicted of offenses against the United

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States." 42 U.S.C. § 10601(b)(1). Although the government failed to object at the time, we agree with its assertion on appeal that the erroneous order affects substantial rights of the government.

The Crime Victims Fund was enacted as a source of funds in the United States Treasury for programs that compensate and assist crime victims. *See* § 10601(d) (allocating funds among programs); § 10602 (delineating eligible compensation programs); § 10603 (delineating eligible assistance programs). The Crime Victims Fund also serves to prevent courts from selecting their personal charities as the recipients of large sums of money that would otherwise be paid to the treasury. Not only are the courts ill-equipped to determine which charitable organizations most deserve these sums of money, but any involvement in the selection process raises the prospect of conflicts of interest and unnecessary criticism of the courts. Thus, the district court's erroneous order not only prevented $45,000 from properly being used to finance payments to state and federal victim compensation and assistance programs, but also potentially subjected the court to unnecessary criticism. Because this fine has not yet been paid to the Clerk of the Court, we reverse and remand the fine distribution with instructions that the district court order the imposed fine to be distributed to the Crime Victims Fund.

**AFFIRMED** in part/**REVERSED** and **REMANDED** in part.